## Collins v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Floyd Circuit Court.

1. Indictment and Information—Should not Charge But One Offense.—An indictment should not charge but one offense and if it charges more than one it is subject to demurrer.

2. Indictment and Information—Accusation and Description.—The accusatory part of an indictment should name the offense with the requisite certainty and the descriptive part should describe and set forth facts constituting *that* offense with the same certainty.

3. Criminal Law—Instructions.—Instructions in a criminal case as well as the evidence heard upon the trial should be confined to only the offense with which the defendant is legally charged.

4. Criminal Law—Practice.—The foregoing rules of practice have no exception in favor of any particular class of offenses, unless made so by a valid statute.

5. Intoxicating Liquors—Operating Moonshine Still—Construction of Statutes.—The offense of operating, or assisting and aiding in operating, an illicit moonshine still, as denounced by section 1, chapter 168, Session Acts 1918, page 676, was superseded by section 1, chapter 81, Session Acts 1920, 377, making it unlawful to manufacture, etc., spirituous, vinous and malt liquors; but the offense of the act of 1918 making it unlawful to buy, bargain for, sell, loan, own or have in possession an illicit or moonshine still was not superseded by the 1920 act; however, chapter 33, Session Acts 1922, 109, superseded both the 1918 and 1920 acts, since it deals with all matters dealt with by the two former ones.

6. Indictment and Information—Duplicity—Intoxicating Liquors.—The offenses of buying, selling, owning or having in possession an illicit or moonshine still are separate and distinct ones from unlawfully manufacturing spirituous, vinous and malt liquors; and an indictment is duplicitous which jointly charges the defendant with all or more than one of them.

J. D. SMITH and B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, George Collins, was tried in the Floyd circuit court under an indictment returned by the grand jury of the county which in its accusatory part charged him with unlawfully manufacturing "spirituous, vinous, malt and intoxicating liquors, not for sacramental, medicinal, scientific or mechanical purposes," but which in the descriptive part alleged that he, within twelve months before the finding of the indictment, did "unlawfully have in possession, own, to operate, and did operate, aid, abet, assist, encourage in the operation of a moonshine or illicit still." A demurrer filed to the indictment was overruled and under the instructions of the court the jury returned a verdict finding the defendant guilty and fixed his punishment at a fine of $75.00 and five days' confinement in the county jail. His motion for a new trial was overruled and he prosecutes this appeal.

Numerous grounds which defendant claims constitute prejudicial errors are set out in the motion for a new trial, but in this opinion we will not refer to or discuss them *seriatim*, but will only consider such of them as we consider of sufficient importance to merit discussion. That the indictment is bad for duplicity, and that a variance exists between its accusatory and descriptive parts, there can not be the slightest doubt. So much so that the statement should be accepted without reference to adjudications of this or any other court. Almost the exact point was recently before us in the case of Mays and Terry v. Commonwealth, 194 Ky. 540, which was an indictment in many of its essential features analogous to the one involved in this case, in that in its accusatory part an entirely different offense was named from the one described in its descriptive clause, and we held that the demurrer filed to it should have been sustained. In that case, however, the Commonwealth elected to try the defendant under the charge set forth in the descriptive part of the indictment of keeping for sale and transporting spirituous, vinous and malt liquors, which itself was duplicitous, but the court confined the proof to the transportation of the liquor and submitted to the jury only that single issue, and it was held that the two errors of overruling the demurrer and failing to require the Commonwealth to elect only a single charge, was, perhaps, cured under the doctrine of the two cases of McCreary v. Commonwealth, 163 Ky. 206, and Mobley v. Commonwealth, 190 Ky. 424. No such curative practice was pur-

sued in this case and the conclusions reached in that case cannot be applied to this one.

The offense of unlawfully manufacturing spirituous, vinous, malt and intoxicating liquors, not for sacramental, medicinal, scientific or mechanical purposes is one denounced by the act of the legislature at its 1920 session, which is chapter 81 of the Session Acts for that year and is found on page 377. The punishment for violating the statute for such unlawful manufacturing is a fine of not less than $50.00 nor more than $300.00 and imprisonment in the county jail for not less than thirty nor more than sixty days. The offense of buying, bargaining for, selling, loaning, owning, or having in possession an illicit or moonshine still (of one of which defendant was necessarily convicted under the instruction of the court), are acts denounced by chapter 168, page 676, of the Session Acts of 1918, the punishment for which is, for the first offense, a fine of not less than $50.00 nor more than $500.00 and confinement in the county jail for not exceeding six months. We held in the recent case of Brent v. Commonwealth, 194 Ky. 504, that the above enumerated acts relating to illicit or moonshine stills as denounced by the 1918 statute, were not repealed by the 1920 act, *supra,* but necessarily the latter act did repeal all that portion of the 1918 act relating to the operation of illicit or moonshine stills in the manufacture of spirituous liquors; and the 1922 act (being chapter 33, Session Acts, 1922, page 108, commonly known as the "Rash-Gullion" Act), necessarily superseded both of the 1918 and 1920 acts, since the matters denounced by both of them are fully covered in the 1922 act, and all depredations committed since the passage of the latter act should be tried under it. This case, however, arose before the taking effect of that act and at a time when the unlawful manufacture of whiskey was denounced by one statute and the punishment for which was different from the offense of buying, selling, owning and having in possession an illicit or moonshine still, which were denounced by a totally different statute and with a different punishment. It requires no argument, therefore, to show that they are separate and distinct offenses and that there was a total failure to *describe* in the indictment under consideration the offense with which the appellant was *charged* in its accusatory part.

The instructions of the court also submitted to the jury a number of offenses and directed them to find the

defendant guilty if they believed beyond a reasonable doubt that he had committed any of them. It says: "Now, if you believe in this case, beyond a reasonable doubt, that the defendant, George Collins, had in possession a moonshine still, that he operated a moonshine still, or aided or assisted any other person in operating a moonshine still you will find him guilty and fix his punishment at not less than fifty nor more than five hundred dollars, in your discretion, and not less than one day nor more than six months in the county jail, in your discretion." Under that instruction the jury were authorized to convict the defendant if he had in his possession a moonshine still, which, as we have seen, is an offense denounced by the 1918 act, *supra*; or if they believed that he operated a moonshine still, which, as we have seen, is but the unlawful manufacture of spirituous liquors, an offense denounced by the 1920 act, *supra;* or if he aided or assisted others in the operation of a moonshine still, which is another offense growing out of the unlawful manufacturing as denounced by the 1920 act. So that, both the indictment and the instruction of the court possessed drag-net qualities and totally departed from long settled and uniformly observed criminal rules of pleading and practice.

Nothing is better settled in criminal procedure than that the indictment, or accusatory paper upon which the defendant may be finally tried, shall state in at least reasonably certain terms the offense of which the defendant is accused and upon which he is arraigned and proposed to be tried (Criminal Code of Practice, section 124), and that the offense shall be described with such certainty as to "enable a person of common understanding to know what is intended" and "to enable the court to pronounce judgment, on conviction, according to the right of the case." Section 122, Criminal Code of Practice. These requirements with reference to criminal pleading are not only enjoined by the sections of our Criminal Code referred to, but they have been promulgated and followed in all Anglo-Saxon jurisdictions since long before Hawkins' Pleas of the Crown, and all courts have at least endeavored to adhere to them and all text writers on criminal law have incorporated them in their various publications as embodying fundamental principles. Likewise, is it true that the court must submit to the jury the guilt or innocence of the defendant of only the crime for which he stands legally indicted, nor is it authorized

to admit evidence of a different crime for the purpose of convicting him of the one so charged, the exception to the rule of the introduction of other crimes for the purpose of proving motive, etc., having no bearing upon the point.

This court has not failed to observe a growing disposition on the part of some of the trial courts and some of the Commonwealth's attorneys in this state, in the prosecution of certain classes of crimes, to wholly depart from the above established and long followed rules of practice as though those classes of crimes enjoyed some peculiar privilege over others whereby they might be tried and punished through a loose and lax procedure peculiarly adapted to them. We, however, have not found, nor has there been furnished to us, any opinion or text book authorizing such a departure, and it is well enough at this point to call attention to the fact that all infractions of the criminal laws must be duly and regularly prosecuted according to the long established rules provided therefor. Any other course would be revolutionary and would soon lead to unbearable conditions bordering on tyranny itself. Furthermore, it is one of the boasted tenets of our civilization that every citizen is presumed to be innocent until he is proven guilty beyond a reasonable doubt, and that the sovereign has no authority to arraign him under any charge which does not furnish the certainties hereinbefore specified; nor should he be convicted of any offense except the one with which he is charged. It is easy to observe these rules of practice and the criminal laws can be effectually enforced by doing so and at the same time the rights and liberties of the citizen to be protected. To accomplish these ends the rules referred to were promulgated and adopted and long experience has taught that they are satisfactorily effectual for the purpose.

The evidence heard upon the trial is sufficient to authorize a conviction for either owning, or having in possession, a moonshine still; or of unlawfully manufacing spirituous liquors therewith, had the indictment been sufficient to sustain a conviction therefor, provided, however, the discovery of the still which was found in defendant's crib, conformed to the law with reference to searches and seizures, which fact does not clearly appear in the record, since the prosecuting witness testified to having a search warrant, but neither it nor the affidavit upon which it was based was introduced and we cannot,

therefore, determine their sufficiency. Of course, the defendant may yet be prosecuted upon an indictment found on a resubmission of the case to the grand jury if that course should be desired.

For the reasons indicated, the judgment is reversed with directions to grant a new trial and for proceedings consistent herewith.