## Bowles v. Commonwealth.

(Decided January 16, 1923.)

### Appeal from Jackson Circuit Court.

1. Intoxicating Liquors—Operation of Moonshine Still—Defective Indictment.—An indictment charging the defendant with the offense of "owning, possessing and operating a moonshine still, and aiding,

assisting and abetting in the operation thereof" charges several offenses and is bad on demurrer. This is not cured by the Commonwealth electing to prosecute and try the defendant upon the charge of "owning, possessing and operating a moonshine still," as two offenses are charged therein after such election.

2. Intoxicating Liquors—Operation of Moonshine Still—Instructions.—An instruction directing the jury to find the defendant guilty "if they believe from the evidence beyond a reasonable doubt that he in this county within twelve months before the finding of the indictment, owned, or operated or possessed a moonshine still" is erroneous in submitting two different offenses.

3. Intoxicating Liquors—Reputation of Defendant as to Being Engaged in Liquor Business.—It is error to permit proof of the defendant's reputation as to being engaged in the liquor business when it appears that the acts complained of occurred prior to the time the act of 1922 authorizing such evidence became effective.

LEWIS & LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The appellant was indicted and tried in the Jackson circuit court for a violation of the liquor laws, and his punishment fixed at a fine of $300.00 and confinement in the county jail for thirty days. He filed motion including numerous grounds for a new trial, which motion was overruled by the lower court and he now relies upon the same grounds for a reversal. We will notice such as will be necessary for a determination of the case.

The indictment charged him with the offense of "owning, possessing and operating a moonshine still, and aiding, assisting and abetting in the operation of said still." A demurrer to this was overruled, but a motion sustained to require the Commonwealth to elect which of the offenses therein charged it would prosecute, and it elected to prosecute and try the appellant upon the charge of "owning, possessing and operating a moonshine still." A motion requiring it to further elect was overruled.

In its instructions the trial court told the jury:

"If you believe from the evidence beyond a reasonable doubt, that the defendant, I. S. Bowles, in this county and within twelve months before the finding of the indictment, owned or possessed or operated a moonshine still, mentioned in the evidence, etc."

To this instruction defendant excepted.

It is clear that after the Commonwealth's attorney made his election, there remained two offenses charged in the indictment, and the issues as to both were submitted by this instruction.

As pointed out in Collins v. Commonwealth, 195 Ky. 748, "possession of a moonshine still" is an offense denounced by chap. 168 of the Acts of 1918, while that of "operating a moonshine still" is an offense denounced by chap. 81 of the Acts of 1920, and the two are entirely separate and distinct offenses. To the same effect is Brent v. Comth., 194 Ky. 504.

Upon authority of these cases the action of the trial court in overruling appellant's demurrer and in not requiring the Commonwealth's attorney to further elect and to try appellant upon one only of the charges set out in the indictment, as well as the instructions quoted, were both erroneous.

It is further urged that the court erred in permitting the Commonwealth to introduce evidence in chief over the objection of the appellant concerning his reputation as to being engaged in the liquor business within twelve months prior to March 30th, 1922. The answer of one witness was, "He was reported to have been fooling with it;" another was, "He was fooling in that connection," and a third said, "Yes sir, some said he was fooling with whiskey," to all of which exceptions were reserved.

It will be observed that the act of March 22, 1922, permitting evidence of this character, was not in force at the time to which the evidence was directed, as the indictment was not returned until March 30, 1922, and it complained of acts committed prior thereto.

Under repeated adjudications of this court, this was error. Fletcher v. Comth., 196 Ky. 620; Mullins v. Comth., 196 Ky. 687; Handshoe v. Comth., 195 Ky. 762; Owen v. Comth., 188 Ky. 498.

For the reasons indicated judgment is reversed with directions to grant a new trial and for proceedings consistent herewith.