## Jackson v. Commonwealth.

(Decided March 6, 1923.)

### Appeal from Knox Circuit Court.

1. Indictment and Information—Owning, Possessing, Selling and Loaning Moonshine Still are Different Offenses.—Under the new prohibition act, owning, possessing, selling and loaning a moonshine still are separate offenses.

2. Indictment and Information—Indictment Charging Defendant with Owning and Controlling Moonshine Still and Assisting in its Operation was Duplicitus.—Under the new prohibition act, an in-

dictment charging defendant with owning and controlling a moonshine still and aiding and assisting in operating it, was duplicitus.

3. Criminal Law—Error to Admit Evidence Showing Operation of Moonshine Still at Different Times and Places.—On a trial for violating the prohibition act, it was error to permit the Commonwealth to introduce evidence tending to prove two distinct offenses by showing that he was guilty of operating a moonshine still at two different times and places.

4. Criminal Law—Introduction of Evidence Showing Finding of Still Held Election Rendering Subsequent Evidence Concerning Different Still Inadmissible.—On a trial for violating the prohibition act, where the Commonwealth first introduced evidence tending to prove that a still was found at a spring near defendant's house, it elected to try defendant for that offense, and it was not thereafter competent to prove that defendant was in possession of a still at an entirely different time and place.

J. D. TUGGLE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Jackson was convicted on an indictment accusing him of several different offenses denounced by the new prohibition act, and his punishment fixed at a fine of five hundred ($500.00) dollars and confinement in the county jail for a term of six (6) months. In prosecuting this appeal he relies upon the following grounds for a reversal of the judgment:

(1) Error of the court in overruling the demurrer to the indictment.

(2) Error of the court in admitting incompetent evidence against the appellant and rejecting competent and material evidence offered by him.

(3) Error of the court in instructing the jury.

1. The indictment accuses appellant Jackson and one Brock of the offenses of "owning and harboring and controlling a moonshine still and parts of a moonshine still, commonly and exclusively used in the manufacture of spirituous liquors." The specifications in the indictment in part read: "Did unlawfully and wilfully own, harbor, and control a moonshine still and parts of a moonshine still, and assist in operating said still." The statute denounces as different offenses the following

acts: "Buying a moonshine still; bargaining for a moonshine still; selling a moonshine still; loaning a moonshine still; owning a moonshine still; having in possession a moonshine still; owning and transporting a moonshine still." To own a moonshine still is one offense, and to have it in possession is another, and to sell one is another, and to loan one is yet another offense.

Under another section of the same statute it is provided that to operate or run a moonshine still and manufacture or aid in the making of liquor is an offense.

As the indictment under which Jackson was convicted charged him with not only owning and controlling a moonshine still but in aiding and assisting in operating the same, it was duplicitus. Appellant, upon the calling of the case, entered a general demurrer to the indictment, which the court, after hearing, overruled, to which ruling appellant excepted. This was error prejudicial to the substantial rights of appellant. Bowles v. Commonwealth, 197 Ky. 259; Collins v. Commonwealth, 195 Ky. 745; Brent v. Commonwealth, 194 Ky. 504; Criminal Code, sections 122 and 124.

2. The court also erred in allowing the Commonwealth over the objection of appellant to introduce evidence tending to prove two distinct offenses by showing that appellant was guilty of operating a moonshine still at two different times and places. Having first introduced evidence tending to prove that a still was found at the spring near the house of appellant, the Commonwealth elected to try appellant for that offense. It was not thereafter competent for the Commonwealth to call witnesses in chief and prove that appellant was in possession of a still at an entirely different place and at a different time. The Commonwealth had a right to elect for which offense it would prosecute appellant but it could not prosecute him for both at the same time under the same indictment, nor was evidence of a second and distinct offense competent upon the trial of the first.

Some other minor errors are pointed out, but we deem it unnecessary to consider them, for it is not likely that they will occur on a retrial of the case.

Judgment reversed for new trial.