### Merdith v. Commonwealth.

(Decided April 24, 1923.)

Appeal from Edmonson Circuit Court.

1. Intoxicating Liquors—Accusation of Operating Illicit Still Sufficiently Charges Illicit Manufacture.—The accusatory part of an indictment charging the offense of unlawfully operating an illicit

still or moonshine still, which is not in terms made an offense by Acts 1922, c. 33, is sufficient, in connection with the description stating that defendant unlawfully operated an illicit still by manufacturing spirituous liquors, to charge the offense created by section 3 of that act, viz.: the unlawful manufacture of intoxicating liquors, which must be done by the operation of a still.

2. Indictment and Information—Erroneously Naming Offenses Does Not Invalidate.—The erroneous naming of an offense in the accusatory part of the indictment does not invalidate it, where the indictment's description of the acts constituting the offense is sufficient to identify it as the one intended to be charged, though inaptly named.

3. Indictment and Information—Technical Common Law Rules no Longer Prevail.—Under Criminal Code of Practice, sections 122, 124, prescribing the requisites of an indictment, and section 136, providing that the words of a statute, defining an offense, need not be strictly pursued in the indictment, the strict common law rules of technical construction of indictments no longer prevail, but if, when considered as a whole, the charge is stated with sufficient clearness and certainty to enable a person of common understanding to know what he is charged with, and to enable the court to pronounce judgment, no error in form of expression will make the indictment bad.

4. Criminal Law—Testimony of Absent Witnesses Held Immaterial to Defense.—Where two defendants jointly indicted for unlawfully manufacturing intoxicating liquor admitted they assisted in the operation of the still, but the appealing defendant testified the still belonged to a codefendant, while the codefendant testified it was owned by another and operated by the appealing defendant with the assistance of the codefendant, testimony by absent witnesses that the codefendant had made statements showing he owned the still was immaterial, so that the denial of a continuance on the ground of the absence of such witnesses was not error.

5. Criminal Law—Statute Does Not Authorize Separate Trial Where Charge in Misdemeanor.—Though Criminal Code of Practice, section 237, confers upon a defendant jointly indicted with another for a felony the right to demand a separate trial, such right is not accorded and cannot be claimed where the offense charged is a misdemeanor.

6. Criminal Law—Instruction on Necessity of Corroborating Acccomplice Held Unnecessary.—Where defendant admitted he participated in the operation of the still, and such participation was shown by the testimony of the arresting officers, it was unnecessary to give an instruction under Criminal Code of Practice, section 242, regarding the necessity for corroboration of an ac-

complice, even though codefendant had testified that defendant
was operating the still.

MILTON CLARK for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The grand jury of Edmonson county, March 26, 1923,
returned against the appellant, Turley Merdith, and his
brother, Eugene Merdith, an indictment the accusatory
part of which charges them with the offense of "unlaw-
fully operating an illicit or moonshine still." In its de-
scription of the offense meant by the accusation the in-
dictment alleges that the defendants "did unlawfully
operate an illicit or moonshine still by then and there
manufacturing and attempting to manufacture spiritu-
ous liquors thereon;" and further, that the still or ap-
pliance so operated is "commonly and exclusively used in
the manufacture of illicit or moonshine whiskey for other
than medicinal, mechanical, scientific or sacramental
purposes in the Commonwealth of Kentucky."

The appellant, Turley Merdith, filed a demurrer to
the indictment, which the circuit court overruled. When
the case was called for trial he made a motion for a sepa-
rate trial, and, also, for a continuance of the case because
of the alleged absence of certain witnesses whose names,
together with the facts to which it was claimed they
would testify, were set forth in his affidavit filed in sup-
port of the latter motion. Both motions were overruled,
to which rulings, as well as that on the demurrer, the
appellant excepted. The joint trial of the appellant and
his codefendant, Eugene Merdith, for the offense charged
in the indictment resulted in a verdict from the jury find-
ing each of them guilty, and fixing the punishment of the
appellant, Turley Merdith, at a fine of $500.00 and six
months' imprisonment in jail, and that of the defendant
Eugene Merdith at a fine of $400.00 and three months'
imprisonment in jail.

The former filed a motion and grounds for a new trial,
assigning as error the rulings of the trial court upon the
demurrer and motions above mentioned, and, in addi-
tion, error alleged to have been committed by it in in-
structing, and refusing to properly instruct the jury.

The overruling of the appellant's motion for a new trial resulted in the granting to him and his prosecution of the present appeal from the judgment of conviction, to which the defendant, Eugene Merdith, is not a party.

The most serious question presented on the appeal is that raised by the appellant's complaint of the indictment; it being insisted that his demurrer to it should have been sustained because the offense of which it accuses the appellant is not made a public offense by the statute under which the indictment was found; and that the alleged unlawful acts of the defendants set forth in the descriptive part of the indictment do not constitute the offense named in the accusatory part thereof. It is true that the statute (chapter 33, acts general assembly 1922) under which the indictment was found, does not in terms declare the operating of an illicit still an offense; but by section 3, thereof the unlawful manufacture of intoxicating liquors, which must be done by means of a still, and, hence, by its operation, is made an offense; and the acts of the defendant set forth in the descriptive part of the indictment allege and show the unlawful manufacture of intoxicating liquor by him, effected through his operation of the still, the offense thus described, viz.: that of unlawfully manufacturing intoxicating liquor, is in fact but the same as named and charged in the accusatory part of the indictment. The erroneous naming of an offense in the accusatory part of the indictment should not be allowed to invalidate it, where the indictment's description of the defendant's acts constituting the offense is sufficient to identify it as the one intended to be charged, though inaptly named, in the accusatory part of the indictment. Criminal Code, section 122, thus defines the requisites of an indictment: "The indictment must contain: 1. The title of the prosecution, specifying the name of the court in which the indictment is presented and the names of the parties. 2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable the court to pronounce judgment, on conviction, according to the right of the case."

It is also provided by section 124, Criminal Code:

"The indictment must be direct and certain as regards: 1. The party charged. 2. The offense charged. 3. The county in which the offense is committed. 4. The particular circumstances of the offense charged, if they be necessary to constitute a complete offense."

It is further provided by section 136, Criminal Code:
"The words used in a statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used."

But the rule prescribed for construing and applying the provisions of the sections, *supra,* is contained in section 137, Criminal Code, which declares:

"The words used in the indictment must be construed according to their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

In Overstreet v. Commonwealth, 147 Ky. 471, one of the questions involved was as to the sufficiency, on demurrer, of an indictment, that in the accusatory part charged the crime of arson, an offense at the common law, but in the descriptive part showed the crime for which the defendant was actually indicted to be the statutory offense of houseburning. The opinion of the court, after calling attention to the points of difference between the two offenses and the punishment provided for each, proceeds as follows:

"And so, if the indictment is to be judged by strict standards of criminal pleading, the demurrer to it should have been sustained; because, under exact rules of pleading, the identical offense charged should be described both in the accusative and descriptive parts of the indictment; and an indictment that designated in the accusative part one offense and described another in the body, would be demurrable. But the strict and technical rules of criminal pleading that prevailed at common law and for many years in this state have been superseded by the more just and sensible practice that declines to be controlled by unimportant and unsubstantial forms that serve to delay and obstruct the administration of the criminal law without protecting the accused in any right guaranteed to him by either the common law or the Constitution or statutes of the state."

The opinion next shows by a reference to and application of the provisions of the several sections of the Criminal Code, *supra,* how they have served to relax the former rules of practice in criminal procedure to the more practical ones indicated, and concludes its discussion of the question under consideration as follows:

"An indictment may contain more than is necessary, or it may be phrased in inapt words, or the sentences

may be ungrammatically or awkwardly expressed, or the spelling not conform to approved standards, but if, when considered as a whole, the charge is stated with sufficient clearness and certainty to enable a person of common understanding to know what he is charged with and to enable the court to pronounce judgment, no error in form of expression will make the indictment bad. Nor will any difference between the accusative part of the indictment and the body or descriptive part of it, that is not so substantial as to be misleading, be fatal to the sufficiency of the pleading. In other words, in considering the sufficiency of an indictment, it will be read and considered as a whole, and if when so read and considered it substantially conforms to the requirements of the code in respect to the matters therein pointed out as material and necessary, it will be a good indictment.''

As said in Rutland v. Comlth., 160 Ky. 77:

''The court is not inclined to favor hypercritical objections to indictments; the trend of the best modern thought is not along the lines of rigid adherence to rules not based upon a reasonable interpretation of the aims and spirit of present day criminal procedure.'' Foreman v. Comlth., 195 Ky. 758; Collins v. Comlth., 195 Ky. 745.

In view of the authorities, *supra,* it is our conclusion that while the statute, *supra,* does not contain the words ''operating an illicit or moonshine still,'' those words as used in the accusatory part of the indictment in the case at bar are to be accepted and understood as charging the appellant with the offense of unlawfully manufacturing intoxicating liquors, which is an offense under the statute; and this being so, it reasonably cannot be claimed that the appellant could have failed to understand from the language of the indictment, considered as a whole, with what offense he was charged. If right in the conclusion expressed, it necessarily follows that the action of the trial court in overruling the demurrer to the indictment was not error.

We think it equally true that the overruling by that court of the appellant's motion for a continuance was not error. Saying nothing of the appellant's failure to show due diligence in the matter of procuring the attendance of one of the witnesses, it is patent that the testimony his affidavit claimed would have been furnished by

the two absent witnesses, could have had no effect in making out for him a defense to the indictment. It could have proved nothing more than that the still was owned by the defendant, Eugene Merdith, which, if true, was not material in view of the appellant's admission that he assisted Eugene in operating it for manufacturing moonshine whiskey. The latter testified, however, that it was owned by Hoss Hunt and operated for him by appellant, whom he (Eugene) was assisting in operating it when both were arrested by the officers, while the testimony of the officers was to the effect that when the still was discovered by them it was in charge of and being operated by both the Merdiths. Manifestly proof of the ownership of the still by neither of them was necessary to establish their guilt. It was only necessary to prove that they were both operating it in manufacturing intoxicating liquors, and this was established by the testimony of the arresting officers and their own admissions. Therefore the appellant would not have been benefited by the testimony of the absent witnesses, which could have had no other effect than to prove the wholly immaterial fact that the still was owned by Eugene Merdith alone.

The appellant's contention that the trial court's overruling of his motion for a separate trial was error is obviously untenable: Criminal Code, section 237, confers upon a defendant jointly indicted with another, or others, for a felony, the right to demand a separate trial, but such right is not accorded and cannot be claimed where, as in this case, the offense charged is a misdemeanor.

The appellant's complaint of the instructions given by the court is likewise without merit, as they in substantially correct terms advised the jury of the entire law of the case. An instruction under section 242, Criminal Code, regarding corroboration of the testimony of Eugene Merdith as an accomplice, was unnecessary, as the guilt of the appellant was clearly established without the testimony of Eugene Merdith by his own testimoney and that of the arresting officers. Comlth. v. McGarvey, 158 Ky. 570.

No reason being shown for disturbing the verdict, the judgment is affirmed.