## Hudson and Engle v. Commonwealth.

(Decided June 17, 1927.)

### Appeal from Harlan Circuit Court.

1. Criminal Law.—Overruling of defendants' motion in prosecution for burglary under Ky. Stats., section 1164, for time to prepare affidavit for continuance or postponement of trial, due to failure of sheriff to summon witnesses, held reversible error.

2. Ciminal Law.—In prosecution for burglary, under Ky. Stats., section 1164, defendant is entitled to at least one tolerably fair trial.

3. Criminal Law.—Though court has large discretion in refusing or granting continuances, such discretion is abused, where refusal in criminal prosecution wholly disregards defendant's fundamental rights and established rules of practice.

G. J. JARVIS for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellants, Grady Hudson and James Engle, were convicted in the Harlan circuit court upon their trial under an indictment therein accusing them of the crime of feloniously breaking into a garage, the property of another, and stealing therefrom property of value, an offense denounced by section 1164 of the present Kentucky Statutes, and their punishment was fixed by the verdict at confinement in the penitentiary for one year each. Their joint motion for a new trial was overruled, and they have appealed.

The indictment was returned on August 25, 1926, and on the 31st day of that month defendants were brought into court for the purpose of setting a day for their trial, and an order was made setting the prosecution for trial on September 6, or one week thereafter. It appears that defendants were then in jail in default of bail, and their attorney, immediately upon setting the prosecution for trial, procured the clerk of the court to issue a subpoena for his clients' witnesses, who resided in the county and some distance from the county seat, and they were Herman Stevens, Sam Farmer, McKinley Storms, Hershel Engle, and Ed. McFarlin. The subpoena was delivered to the sheriff of the county on that day. On the 3d and 4th days of September, the last of

which was Saturday, defendants' counsel approached the sheriff about the execution of the subpoena, and was informed each time that one of his deputies had the subpoena, but named a different deputy each time, and that it had not been returned to the office, and the deputy who had it was absent.

On the morning of the 6th of September, the day set for trial, the subpoena was still not returned, but the deputy to whom it was claimed it had been delivered for execution was present, and stated that he received it on Sunday, the 5th of September, in the afternoon, and he had been unable to execute it. So that there was no way for defendants or their counsel to ascertain whether the subpoena had been executed, or if only partially executed, upon whom it was served. It was then ascertained, however, that none of the witnesses for whom the subpoena was issued was present. An unfinished trial occupied the remainder of that day, and on the morning of September 7 the prosecution was called for trial, and defendants' counsel again inquired of the sheriff concerning the subpoena, when he found it in the hands of the county attorney, and there had been written into it the names of the commonwealth's witnesses, upon whom it had been executed, but the return on it as to defendants' witnesses was "Not found." Counsel then announced that he was not ready for trial, and moved for a "reasonable time" in which to prepare an affidavit for a continuance; but the court overruled it, and declined to give counsel time to present his grounds for postponement or continuance of the trial, to which exception was taken.

After the verdict, and as a part of the motion for new trial, the affidavits of defendants and their counsel were filed, and in which it was stated that three of the witnesses for whom subpoena had been issued would establish a complete alibi for defendants, and that the others would testify to impeaching statements made in their presence by the chief prosecuting witness, and who confessed on the witness stand that he and the two defendants committed the crime. Those statements were, in substance, that the prosecuting witness, within a short time after the commission of the crime, stated in the presence of defendants' witnesses that "he had to make a confession in order to save his own scalp, and that it was the closest call he ever had." It is perfectly apparent

that all of the testimony of the absent witnesses, as so developed, was vitally material to the defense, and under the court's ruling the defendants were deprived of the benefit of that testimony, not even being allowed the privilege of presenting it by the weakest method of an affidavit for continuance.

It is likewise doubtful if there was any evidence to establish the corpus delicti (the breaking into the garage —see Bruce v. Com., 191 Ky. 846, 232 S. W. 63), except by the confession of the accomplice in the commission of the crime with which defendants were charged. No witness tesified that the garage was broken into, although its owner was introduced by the commonwealth and was only asked "whether or not this garage was broken into *by the consent* of yourself or your partner." To which he answered in the negative. That question, it will be perceived, assumed that the garage had been broken into, but no one testified to the fact except the accomplice. But, be that as it may, it is evident that the court committed prejudicial error, when, under the circumstances, he overruled counsel's motion for time to prepare an affidavit for a continuance or postponement of the trial, on account of which defendants are entitled to a reversal of the judgment.

It may be that defendants are guilty, but as said by us in the case of Neely v. Strong, 186 Ky. 540, on page 546, 217 S. W. 898, 901: "It is axiomatic that a litigant is entitled to at least one tolerably fair trial of his action." The facts occurring at the trial in that case were almost exactly similar to those that occurred at the trial of this prosecution, and grew out of similar circumstances arising at the same stage of the trial; i. e., the court declined to give counsel time to prepare an affidavit for a postponement or continuance of the cause, and for none of which was counsel in any wise to blame. Here, according to the record, counsel not only caused the subpoena to issue immediately after the prosecution was set for trial, but he inquired from day to day concerning the efforts being made by the sheriff to execute the subpoena, which had been placed in the officer's hands immediately after it was issued. Likewise counsel never knew of the failure of the officer to find the witnesses and summon them until the case was called for trial on the morning of September 7, and at that time he found the county attorney in pos-

session of the unexecuted subpœna, instead of the clerk of the court, to whom it should have been returned.

Surely no one would contend for a moment that either defendants or their attorney were guilty of any sort of neglect in making ready for the prosecution, or in not preparing the affidavit beforehand, and, if there were any grounds to sustain the court's action in declining to give counsel time to prepare the affidavit, they are to be found outside of the record filed in this court. It has often been said that courts are vested with a large discretion in refusing or granting continuances, but such discretion is a judicial and not an arbitrary one, and unless it can be said from the entire record that the court abused its discretion in such matters this court will not ordinarily interfere. But where the very fundamental rights of a litigant, including a defendant in a criminal prosecution, have been wholly disregarded, and the established rules of practice, formulated for the purpose of enforcing such rights, have been likewise disregarded, there is but one course for this court to pursue, which is to hold that the discretion with which the trial court was vested was improperly exercised, and when it operates to deprive the litigant of the benefit in some form of most material and practically all of his testimony it cannot be said that the error was not prejudicial to his substantial rights.

Wherefore the judgment is reversed, with directions to set it aside and to sustain the motion for a new trial, and for proceedings consistent with this opinion.