## Gray v. Commonwealth.

(Decided January 14, 1930.)

J. HENRY TAYLOR and W. J. STONE for appellant.

J. W. CAMMACK, Attorney General, (DOUGLAS C. VEST, of Counsel), for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant and defendant below, Matt Gray, was tried in the Bell circuit court on an indictment charging him with "transporting intoxicating liquors." He was convicted, and his motion for a new trial was overruled, followed by his filing a transcript of the record in this court with a motion for an appeal.

The only witness introduced by the commonwealth according to the bill of exceptions, which was made a part of the record, was G. W. Walker, whose testimony, in narrative form as contained in the bill of exceptions, was: "That he bought one pint of moonshine liquor from the defendant at the defendant's grist mill at or near Four Mile, Bell county, and defendant delivered said whisky to witness and told him to pay the money to George Hendrickson for same and that he paid George Hendrickson one dollar ($1.50) and a half for it, the said pint of liquor that he bought from the said defendant." That testimony was all that was heard at the trial bearing upon the guilt of defendant of any offense whatever. He and Hendrickson (referred to in the testimony of the prosecuting witness) each denied what Walker said in his testimony, but which denials have no bearing on the question presented by this appeal.

It will be observed that the indictment charges defendant with *transporting* liquor; while the testimony proves only a *sale* of liquor. We have heretofore held in the cases of Lovelace v. Commonwealth, 193 Ky. 425, 236 S. W. 567; Mays & Terry v. Commonwealth, 194 Ky. 540, 240 S. W. 58; Lyttle v. Commonwealth, 195 Ky. 729, 243 S. W. 1037, 1038; Collins v. Commonwealth, 195 Ky. 745, 243 S. W. 1058; Jackson v. Commonwealth, 198 Ky. 149, 248 S. W. 242, and numerous others following them, that (or in substance) the offense of unlawfully transporting intoxicating liquor was and is a *separate* one from that of selling such liquor, and that an indictment jointly

charging the defendant with committing them, or any of the acts denounced by the statute as a separate offense, was duplicitous, for the reason that two or more distinct offenses were charged therein.

That being true, it is patent that in this case the defendant was accused of one offense for which there was no sustaining testimony whatever, and where the only testimony introduced by the commonwealth was directed to an entirely different offense. It requires the citation of no cases or text authorities to demonstrate that such a course is contrary to all prevailing rules of practice. The judgment would not be a bar to other prosecutions for the identical selling transaction testified to by the prosecuting witness, and the conviction, if upheld, under the circumstances, would not only violate the fundamental rights of defendant, but would completely ignore and set at naught the universally declared rule of practice prevailing as to criminal prosecutions, and to which there is no exception. It follows, therefore, that the defendant's motion for a peremptory instruction to find him not guilty should have been given. See Roberson's New Kentucky Criminal Law and Procedure, sec. 1881.

Wherefore the appeal is granted, and the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.