## Lanham et al. v. Commonwealth.

(Decided Oct. 3, 1933.)

J. WALTER HARDESTY and P. K. McELROY for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellants, Maurice Lanham and J. H. Kirkland, Jr., were jointly indicted for the offense of petit larceny. They were tried at the May, 1933, term of the Marion circuit court, found guilty, and sentenced to 12 months' confinement in the county jail. They pray an appeal.

For reversal of the judgment it is insisted for appellants: (1) That the indictment is demurrable; (2) the court erred in refusing to direct the jury to find a verdict of acquittal; (3) the verdict of the jury is flagrantly against the evidence, and the punishment too severe. The complaint directed against the indictment is that it failed to use the word "felonious" or "feloniously," and that it is indefinite and uncertain, in that it failed to sufficiently describe the property alleged to have been stolen.

Omitting the caption, the indictment reads:

"The Grand Jury of Marion County, in the name and by the authority of the Commonwealth of Kentucky, accuse Jimmie Kirkland, Maurice Lanham and J. H. Kirkland of the offense of Petit

Larceny committed as follows, viz.: The said Jimmie Kirkland, Maurice Lanham and J. H. Kirkland, on the ——— day of ———, 19—, and within twelve months before the finding of this indictment, in the County and Commonwealth aforesaid, did unlawfully, willfully, and without the consent and knowledge of the owner thereof take, steal and carry away a quantity of gasoline of less value in the aggregate of $20.00, the property of E. Gaillard with the fraudulent intent to convert same to their own use and to permanently deprive the owner thereof of his property therein, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky.''

It will be noted that the indictment charges that the defendants unlawfully, willfully, and without the consent and knowledge of the owner thereof, did take, steal, and carry away a quantity of gasoline, the property of E. Gaillard, with fraudulent intent to convert same to their own use and to permanently deprive the owner thereof of his property therein, but fails to use the word ''felonious'' or ''feloniously.'' It is our conclusion that the language contained in the indictment is amply sufficient to show a felonious intent, and the word ''felonious'' or '''feloniously'' would have been so much surplusage and unnecessary to constitute the offense charged. ''Felonious'' means evil intent. If appellants took the gasoline in the way and manner and for purposes charged in the indictment, a felonious or evil intent will be presumed.

In the case of Jane v. Commonwealth, 3 Metc. (60 Ky.) 18, was an indictment for murder. The word ''felonious'' or ''feloniously'' did not appear in the indictment, and on appeal to this court it was held that, inasmuch as the language of the indictment set out all necessary facts and elements to constitute or show a felonious intent, it was sufficient. While it has been held in later opinions by this court that the word ''felonious'' or ''feloniously'' should be used in an indictment for petit larceny, upon due consideration it is our conclusion that where an indictment charges all the elements necessary to constitute or show a felonious intent as in the instant case and Jane v.

Com., supra, it is sufficient, notwithstanding the omission of the words "felonious" or "feloniously."

The next complaint is that the indictment failed to describe the property alleged to have been stolen, and in support of this contention are cited and relied upon cases where the property stolen were such goods, wares, and merchandise as were susceptible of reasonably definite description. In the instant case it is charged that the appellants stole gasoline, the quantity and value of which was less than $20. The word "gasoline" within itself is a sufficient description of the property alleged to have been stolen. A further description of gasoline would have been very impracticable. If an indictment describes the offense with reasonable certainty so as to advise the accused of the nature of the offense, it is sufficient. Section 124, Criminal Code of Practice; Overstreet v. Com., 147 Ky. 471, 144 S. W. 751. It is our conclusion that the indictment is sufficient to constitute the offense of petit larceny, and the trial court properly overruled the demurrer thereto.

It is insisted that the evidence was not sufficient to warrant a conviction. The evidence adduced in behalf of the Commonwealth is in substance this: J. W. Webb, a night policeman of the city of Lebanon, testified that about 12 o'clock at night and in front of the school building of the Labanon high school, he saw a car drive up and stop opposite another car near the curb and saw a boy, Jimmie Kirkland, get out of the car with a can and looked as if he were drawing gasoline from the gasoline tank of an automobile located on the street. That after seeing what was going on he immediately went in the direction of the parties and Jimmie Kirkland handed the can to J. H. Kirkland and that J. H. Kirkland and Maurice Lanham drove away in a car, taking the can; and that he arrested Jimmie Kirkland; that he recognized all of the parties; that there were three cars located near the curb in front of the high school at the time, and that the boy was at one of them with a can; on the next morning he discovered that E. Gaillard owned one of these cars located in front of the school at 12 o'clock the previous night and that he had Mr. Gaillard check up and see whether he had lost any gasoline or anything from his car. E. Gaillard testified that he was at the high school

building one night rehearsing for the American Legion entertainment and he was there until about 12:30 o'clock; that the next morning afterwards, the night policeman called upon him to check upon the gasoline in his car; that he had placed in the gasoline tank its capacity of gasoline, which was 11 gallons; and that on an investigation he found that about four or five gallons of gasoline were mising from his car; that he saw small spots on the tank of his car, and the cap of his gasoline tank had been removed and left on top of the gas tank.

The defendants denied that they were at the location of the cars on the night at the time referred to by the policeman Webb, and denied taking any gasoline from any car or having any knowledge or connection therewith. Thus it will be seen that the evidence was conflicting, and therefore a question for the jury. The evidence produced for the commonwealth was sufficient to warrant a submission to the jury, and this court is unwilling to disturb its finding thereon. It is a well-known rule in this jurisdiction that if there is any evidence which tends to show guilt of the crime charged it is the trial court's duty to submit the case to the jury [Commonwealth v. Boaz, 140 Ky. 715, 131 S. W. 782; Roaden v. Com., 248 Ky. 154, 58 S. W. (2d) 364], and whether the testimony of the witnesses for the Commonwealth or the defendant is to be believed is a question for the jury. Epperson v. Com., 227 Ky. 404, 13 S. W. (2d) 247; Hall v. Com., 231 Ky. 473, 21 S. W. (2d) 799. Nor will this court reverse a verdict of guilty unless flagrantly against the evidence. Bourne v. Com., 234 Ky. 842, 29 S. W. (2d) 561; Gilbert v. Com., 228 Ky. 19, 14 S. W. (2d) 194; Maggard v. Com., 232 Ky. 10, 22 S. W. (2d) 298.

The further point is made for appellants that the court erred in overruling defendant's motion for separate trials. This rule applies only in felony cases, and is not applicable to misdemeanor. Criminal Code of Practice, Sec. 237; Meredith v. Com., 199 Ky. 544, 252 S. W. 894. The further point is made that Gaillard placed no value on the gasoline alleged to have been stolen, and for that reason the Commonwealth failed to establish its case.

In cases of grand larceny it is necessary to prove that the value of the property alleged to have been

stolen was more than $20, but in cases of petit larceny it is sufficient if the proof shows property taken was of any value less than $20. Mr. Gaillard testified that four or five gallons of gasoline had been taken from his car. The courts will take judicial knowledge that this amount of gasoline was of some value. Moreover, it is common knowledge that gasoline or other common run of property customarily purchased at a market price has some value, and it is immaterial that the witness failed to state or place his estimate of the exact value of the property.

It is further insisted that Mr. Gaillard did not state in his evidence that the gasoline alleged to have been taken was taken without his consent. Proof of nonconsent of the taking is a necessary element to constitute the offense, but this does not mean that the owner of the property must state in exact language that it was taken without his consent. Non-consent, like any other fact, may be proven by circumstances and the evidence as a whole. The defendants deny taking the gasoline at all. The evidence of policeman Webb and Mr. Gaillard in addition to the circumstantial evidence fairly warrants the inference that the gasoline was taken without the consent of Mr. Gaillard.

The court instructed the jury, in substance, that if they believed from the evidence that the defendants did unlawfully, and without the consent and knowledge of the owner thereof, take, steal, and carry away the gasoline, etc., to find the defendants guilty. Therefore, it was necessary that the jury believe that the gasoline was taken without consent of the owner, otherwise they would have returned a verdict of acquittal. Inasmuch as the question of consent or nonconsent was submitted to the jury by instructions of the court under the evidence of the case, and the jury having found the defendants guilty under the instructions, which submitted to them the question of consent or nonconsent of the owner of the gasoline, and in view of the evidence adduced for the Commonwealth, it will be presumed that the jury found that the gasoline was taken without the consent of the owner. Otherwise its verdict would have been to the contrary.

Wherefore, the appeal is denied and the judgment affirmed.

Whole court sitting.