Kitty SHAWHAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1958.

Davies & Hirschfeld, Newport, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Newport police, under the authority of a search warrant, raided a house in which they found Kitty Shawhan having sexual intercourse with a young man. Present, and allegedly in charge of bedroom operations, was Charles Schweinefuss. Kitty Shawhan, Charles Schweinefuss and the young man were thereupon arrested and taken before the police court. The young man was charged with a breach of peace but the record does not disclose what became of the charge. Kitty Shawhan was charged with prostitution in violation of KRS 436.075(2) and Charles Schweinefuss was charged with setting up and operating a house of prostitution also in violation of KRS 436.075(2). Samson Eisner, the alleged owner of the property, was later arrested on a warrant charging him with violating every offense denounced by KRS 436.075(2). Kitty Shawhan, Charles Schweinefuss and Samson Eisner were tried and convicted in the police court and each appealed to the Campbell Circuit Court. In the Circuit Court, over the objection of each defendant and after motions by each for separate trials, an order was entered directing that the three of them be tried together. They were tried together and all were convicted. Kitty Shawhan's punishment was fixed at a fine of $200 and one year in jail. Charles Schweinefuss' punishment was fixed at a fine of $200 and six months in jail. Samson Eisner's punishment was fixed at a fine of $200 and one year in jail.

On this appeal Kitty Shawhan complains that the search was made, and her privacy invaded, under the authority of an illegal search warrant. She complains that both affidavit and warrant are insufficient in form and substance to meet established legal requirements, and that the evidence obtained by virtue of the search was therefore erroneously and prejudicially introduced against her. She also complains that the court erred in not directing a verdict for her because all of the testimony against her arose from the illegal search.

This Court has examined the affidavit and search warrant in the light of her complaint and the authorities offered in support of it, and the Court finds both affidavit and warrant in substantial compliance with the prevailing law of the Commonwealth. In so finding, the Court makes no new law, modifies none, overrules none and therefore writes none. It is sufficient that the trial

court and the parties be advised in the event of another trial.

■ Her remaining ground for reversal presents a more serious problem. She complains that the trial court erred in overruling her motion for a separate trial and in ordering, over her objection, that she be tried jointly with Schweinefuss and Eisner. We hold that joint defendants and persons jointly charged in misdemeanor actions are not entitled to separate trials as a matter of right. Lanham v. Commonwealth, 250 Ky. 500, 63 S.W.2d 585; Merdith v. Commonwealth, 199 Ky. 544, 252 S.W. 894. The Commonwealth contends that this case should be governed by that rule. It is contended that all of the parties are charged with violating the same statute (KRS 436.-075-2) and consequently come within the class known as joint defendants or persons jointly charged. The applicable portion of KRS 436.075 reads as follows:

"(1) That the term 'prostitution' as used in this Act shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for indiscriminate sexual intercourse without hire. * * *

"(2) It shall be unlawful to engage in prostitution or to aid or abet prostitution or to procure or solicit any person for the purposes of prostitution, or to keep or set up a house of ill-fame, brothel, or bawdy house, or to receive any person for the purpose of lewdness, assignation, or prostitution into any vehicle, conveyance, place, structure or building, or to permit any person to remain for the purpose of lewdness, assignation, or prostitution in any vehicle, conveyance, place, structure, or building, or to direct, take or transport, or to offer or agree to take or transport, any person to any vehicle, conveyance, place, structure, or building, or to any other person with knowledge or reasonable cause to know that the purpose of such directing, taking or transporting is prostitution, lewdness, or assignation, or to lease or rent or contract to lease or rent any vehicle, conveyance, place or structure, or building, or part thereof, knowing or with good reason to know that it is intended to be used for any of the purposes herein prohibited."

■ The trial court, as well as the Commonwealth, took the position that KRS 436.-075(2) denounced one offense with sundry ways of violating it. We do not agree. The statute denounces not one but several separate and distinct offenses. Though there is a factual connection between these charges and though each is charged with a violation of the same section of the Kentucky Revised Statutes, the offense charged against Kitty Shawhan is separate and distinct from the other charges, as the definition of prostitution in KRS 436.075(1) clearly indicates.

■■ We have here three people separately charged with separate and distinct misdemeanors and we find no rule of law in this jurisdiction denying separate trials in such instances. It is the opinion of the Court that appellant is entitled to a separate trial as a matter of right. In this case it was only necessary to prove that Kitty Shawhan was paid to have and did have sexual intercourse as charged. Yet the jury heard page after page of testimony during her trial, showing that Eisner and the police had for months been in a row, and that the feeling between them was extremely bad. Though the appellant was in no way involved in Eisner's feud with the police, it might be extremely difficult for a jury to close its eyes to that testimony when passing upon her case, although proper admonitions may have been given. Admonitions of the trial court often provide a rather impotent antidote for poison already injected. The burden of one's own odium may make it difficult to have a fair trial and the court is helpless to prevent it, but the courts can and should limit the extent

to which one may be required to bear the burden of another's odium. A joint trial, for this and other obvious reasons, should be limited to cases wherein the parties are joint defendants, unless the right to a separate trial be expressly waived by the parties.

The Court is aware that this ruling will add to the burden of the Commonwealth but we have held that "a litigant is entitled to at least one tolerably fair trial" regardless of the nature of his offense, (Hudson v. Commonwealth, 220 Ky. 582, 295 S.W. 886) and to this end we have made our ruling.

The judgment is reversed for proceedings not inconsistent with this opinion.