Charles SCHWEINEFUSS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1958.

Louis W. Gorman, Martin J. Hogan, Covington, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Newport police, under the authority of a search warrant, raided a house in which they found Kitty Shawhan having sexual intercourse with a young man. Present, and allegedly in charge of bedroom operations, was Charles Schweinefuss. Kitty Shawhan, Charles Schweinefuss and the young man were thereupon arrested and taken before the police court. The young man was charged with a breach of peace but the record does not disclose what became of the charge. Kitty Shawhan was charged with prostitution in violation of KRS 436.075(2) and Charles Schweinefuss was charged with setting up and operating a house of prostitution also in violation of KRS 436.075(2). Samson Eisner, the alleged owner of the property, was later arrested on a warrant charging him with violating every offense denounced by KRS 436.075(2). Kitty Shawhan, Charles Schweinefuss and Samson Eisner were tried and convicted in the police court and each appealed to the Campbell Circuit Court. In the Circuit Court, over the objection of each defendant and after motions by each for separate trials, an order was entered directing that the three of them be tried together. They were tried together and all were convicted. Kitty Shawhan's punishment was fixed at a fine of $200 and one year in jail. Charles Schweinefuss' punishment was fixed at a fine of $200 and six months in jail. Samson Eisner's punishment was fixed at a fine of $200 and one year in jail.

■ On this appeal Charles Schweinefuss complains that the trial court erred in overruling his motion for a separate trial and in ordering, over his objection, that he be tried jointly with Kitty Shawhan and Samson Eisner. Under the authority of Shawhan v. Commonwealth, Ky., 318 S.W.2d 541, and for the reasons therein stated, we are of the opinion that the trial court erred in refusing appellant a separate trial, and for that error the judgment must be reversed.

The appellant, however, complains of other errors upon which we must pass because of the probability of another trial.

■ He complains that the evidence was not sufficient to warrant a verdict of guilty. The evidence shows that he was present at the time of the raid and that he tried to hinder the officers from entering that part of the building in which Kitty Shawhan was found, at the time, having intercourse with a customer. Further, the evidence shows that appellant told the officers that he was manager of the place. This he demonstrated, according to the testimony of an officer, by taking keys from his pocket and locking up the place after the raid. The affidavit and search warrant having been declared valid in Shawhan v. Commonwealth, supra, the Court is of the opinion that there was sufficient evidence upon which to submit this case to the jury.

He further complains of the following instructions given by the trial court over his objection:

"Instruction No. 1:

"If the jury believe from the evidence in this case, beyond a reasonable doubt, that in Campbell County, Kentucky, on or about the 1st day of June, 1957, and before the issuance of the warrant herein, the defendant Charles Schweinefuss, did keep and set up a house of ill fame, brothel, or bawdy house on premises located at 202 York Street in the city of Newport, Campbell County, Kentucky; or did procure and solicit and receive per-

sons for purposes of prostitution at said building at 202 York Street in the City of Newport, Campbell County, Kentucky, or did aid, assist and abet the carrying on of prostitution on said premises at 202 York Street in the City of Newport, Campbell County, Kentucky, or permitted any person to remain on said premises for purposes of lewdness, assignation and prostitution, or did lease, rent or contract to lease or rent said building at 202 York Street, Newport, Campbell County, Kentucky, or any part thereof, with good reason to know that it was intended to be used for purposes of prostitution, then you will find the defendant, Charles Schweinefuss, guilty and fix his punishment at a fine of not more than Two hundred dollars or at imprisonment in the County Jail for not more than one year, or at both a fine and imprisonment, in the discretion of the jury, governed by the proof."

 It appears from the judgment that appellant was tried on a charge of "setting up and operating a house of prostitution." The Court is of the opinion that these words adequately charge the offense of keeping or setting up a house of ill-fame, brothel or bawdy house denounced in KRS 436.075(2). The trial court, however, has instructed the jury to find the accused guilty if they believe from the evidence beyond a reasonable doubt that he has violated other separate and distinct offenses also denounced in KRS 436.075(2). (See Shawhan v. Commonwealth, supra, for construction of the statute.) In so doing the trial court erred. The court must submit to the jury the issue of guilt or innocence of the defendant on only the offense for which he stands charged. Stanley's Instructions to Juries, Section 764; Collins v. Commonwealth, 195 Ky. 745, 243 S.W. 1058. The trial court upon another trial will confine its instructions to the offense charged.

Complaint is made of the evidence. However, appellant does not undertake to point out the errors, either in admission or rejection, and this Court declines to practice the case.

For the reasons stated the judgment is reversed for proceedings not inconsistent with this opinion.