Samson EISNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1958.

Davies & Hirschfeld, Newport, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Newport police, under the authority of a search warrant, raided a house in which they found Kitty Shawhan having sexual intercourse with a young man. Present, and allegedly in charge of bedroom operations, was Charles Schweinefuss. Kitty Shawhan, Charles Schweinefuss and the young man were thereupon arrested and taken before the police court. The young man was charged with a breach of peace but the record does not disclose what became of the charge. Kitty Shawhan was charged with prostitution in violation of KRS 436.075(2) and Charles Schweinefuss was charged with setting up and operating a house of prostitution also in violation of KRS 436.075(2). Samson Eisner, the alleged owner of the property, was later arrested on a warrant charging him with violating every offense denounced by KRS 436.075(2). Kitty Shawhan, Charles Schweinefuss and Samson Eisner were tried and convicted in the police court and each appealed to the Campbell Circuit Court. In the Circuit Court, over the objection of each defendant and after motions by each for separate trials, an order was entered directing that the three of them be tried together. They were tried together and all were convicted. Kitty Shawhan's punishment was fixed at a fine of $200 and one year in jail. Charles Schweinefuss' punishment was fixed at a fine of $200 and six months in jail. Samson Eisner's punishment was fixed at a fine of $200 and one year in jail.

On this appeal Samson Eisner complains that the trial court erred in overruling his motion for a separate trial and in ordering, over his objection, that he be tried with Kitty Shawhan and Charles Schweinefuss. Under the authority of Shawhan v. Commonwealth, Ky., 318 S.W. 2d 541, rendered on this day, and for the reasons therein stated, the Court is of the opinion that the trial court erred in refusing appellant a separate trial and for that error the judgment must be reversed.

The appellant, however, complains of further errors upon which we must pass because of the probability of another trial.

Appellant was arrested and tried upon a warrant which, together with the supporting affidavit, reads as follows:

"Affiant, Pat Ciafardini, Detective Newport Police Department, states that Samson Eisner, a/k/a Sammy Eisner, on the 1st day of June, 1957, in the City of Newport, Campbell County, Kentucky, committed the offense of Engaging in and/or Aiding, Assisting and Abetting Prostitution—KRS 436.-075, which said offense was committed as follows, viz: The said Samson Eisner, a/k/a Sammy Eisner, did wilfully and unlawfully engage in and/or aid, assist and abet prostitution, and/or procure or solicit person or persons for the purpose of prostitution and/or keep or set up a house of ill fame, brothel, or bawdy house, and/or receive person or persons for the purposes of lewdness, assignation or prostitution into a building or structure known and designated as 202 York Street, in the City of Newport, Kentucky, and/or lease or rent or contract to lease or rent the premises known and designated as 202 York Street, in the City of Newport, Kentucky, knowing or with good reason to know that it was intended to be used for the purposes prohibited by and denounced in KRS 436.075, all of which is against the peace and dignity of the Commonwealth of Kentucky.

"(signed) Pat Ciafardini

"Subscribed and sworn to before me this 3rd day of June, 1957.

"(signed) Gladys Schulte, Notary Public in and for Campbell County, Ky.

"Commission expires 2/23/61

"The Commonwealth of Kentucky

"To the Chief of Police of Newport, Kentucky.

"You are commanded to arrest Samson Eisner, a/k/a Sammy Eisner, and bring him forthwith before me to answer the charge set out, and then and there have this writ, with due return of its execution.

"Given under my hand as Police Judge of Newport, this 3rd day of June, 1957.

"(signed) Jos. S. Rolf

"Police Judge of Newport, Ky."

We have held that KRS 436.075(2) denounces not one but several separate and distinct offenses. (Shawhan v. Commonwealth, supra. To determine the charge in this case we must read the affidavit and warrant together and in so doing we readily observe that appellant is charged with every offense denounced in the statute. Under Section 126, subd. 1 of our Criminal Code, except as provided in Section 127, an indictment shall charge only one offense.

The technical strictness required in an indictment is not generally required in a warrant but this Court is of the opinion that Section 126 should apply also to any warrant, information or summons by which one is charged with an offense. Obviously the warrant in this case does not meet the requirements. A demurrer is the proper way to object when more than one offense is charged. Criminal Code, § 165. The Court, however, is of the opinion that the motion to elect sufficiently raises the objection to the warrant and that the trial court erred in not requiring an election.

Appellant further complains that the trial court erred in giving an instruc-

tion which authorized the jury to find him guilty if they believed from the evidence beyond a reasonable doubt that he had violated other separate and distinct offenses denounced in KRS 436.075(2). Except for the name of accused we have here the same instruction condemned by this Court in Schweinefuss v. Commonwealth, Ky., 318 S.W.2d 544, and, for the reasons set forth in that case, this Court also holds the instruction in this case to be erroneous.

It will be unnecessary to discuss other questions raised on appeal.

The judgment is reversed for proceedings not inconsistent with this opinion.