## Commonwealth v. Boaz.

(Decided November 22, 1910.)

### Appeal from Fulton Circuit Court.

Criminal Law—Prosecution for Murder—Evidence—Peremptory Instruction—Error in Giving.—It is now well settled in criminal cases that if there is any evidence tending to connect the accused with the commission of the crime it is the duty of the trial court to submit the case to the jury. Applying this rule to the case

at bar we are of the opinion that the peremptory instruction should not have been given.  Where one witness testified that he saw the accused and three other men take deceased to a point near the railroad and one of them strike him over the head with something and then saw them carry him to a spot near where his body was afterwards found, while the testimony of this witness when considered as a whole is far from satisfactory and in many respects unreasonable, still it is some evidence, and the jury, not the court, is the proper judge of the weight to which it is entitled.  On this testimony the case should have gone to the jury.

JAMES. BREATHITT, Attorney General; TOM B. McGREGOR, Assistant Attorney General, and R. L. SMITH, for Appellant.

OPINION OF THE COURT BY JUDGE LASSING.

Appellee and three others were indicted in the Fulton circuit court, charged with murder.  They demanded and were granted separate trials.  Appellee was placed upon his trial, and upon the conclusion of the evidence for the Commonwealth, on motion of appellee's counsel, the jury was peremptorily instructed to find for the defendant, which was done.  Conceiving that the court erred in taking the case from the jury, this appeal is prosecuted by the Commonwealth  and an opinion asked as to the correctness of the rulings of the trial court.

In the case of Commonwealth v. Murphy, 109 S. W., 353, this identical question was fully considered, and the court announced the following as the rule by which trial judges should be guided in determining when, in a criminal prosecution, the case  should be taken from the jury. It is there said: ·

"The trial judge has the same right and authority to give a peremptory instruction in a criminal proceeding that he has in a civil action.  And if the evidence introduced in behalf of the Commonwealth fails to incriminate the defendant, or is wholly insufficient to show that he is guilty of the offense charged, it is not only the right but the duty, of the trial judge to instruct the jury to return a verdict of not guilty.  It is not, however, within the province of the trial court to take from the jury a criminal prosecution if there is any evidence, however slight it may be, conducing to show that the defendant is guilty of the offense charged, or any of its degrees mentioned in the Code.  This rule of practice is not found

directly in either the Code or the statutes, but it is firmly established as a part of the criminal jurisprudence of the State, and is uniformly applied by this court in considering appeals in criminal cases when a reversal is asked because the verdict is flagrantly against the evidence, or is not supported by sufficient evidence, and should control the lower courts in the disposition of criminal cases.''

This opinion states the law so thoroughly and clearly that a reference to is is all that is deemed necessary.

It is now well settled in criminal cases that if there is any evidence tending to connect the accused with the commission of the crime, it is the duty of the trial court to submit the case to the jury. Applying this rule to the case at bar, we are of opinion that the peremptory instruction should not have been given. For one witness testified that he saw the accused and three other men take deceased to a point near the railroad and one of them strike him over the head with something, and then saw them carry him to a spot near where his body was afterward found. While the testimony of this witness, when considered as a whole, is far from satisfactory, and is in many respects wholly unreasonable, still it is some evidence, and the jury, not the court, is the proper judge of the weight to which it is entitled. On this testimony the case should have gone to the jury.

The court did not err in discarding or rejecting the evidence of a confession, for it was first obtained through fear brought about by great personal abuse and violence, and was no doubt thereafter repeated by appellee for the same reasons that first induced him to make it.

This opinion is ordered certified as the law of this case.