## Riley v. Commonwealth.

(Decided April 16, 1935.)

S. H. RICE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Jimmie Riley was indicted and convicted in the Owsley circuit court for the offense of breaking into the storehouse of another and taking therefrom certain

articles of merchandise, and sentenced to one year in the penitentiary. He appeals.

It is urged as grounds for reversal (a) that the court erred in admitting incompetent evidence, and (b) that the evidence is insufficient to sustain a conviction and the court should have sustained appellant's motion for a directed verdict of acquittal.

The facts, in substance, as shown by the commonwealth's evidence, are: On the morning of December 26, 1933, Charlie Gay, a merchant in Owsley county, whose store was broken into, went to his store and found that the door had been prized open and certain merchandise missing therefrom, including tobacco, chewing gum, several pairs of socks, firecrackers, razor blades, fruits and candy, and perhaps some articles of clothing. Mr. Gay found a man's track near the store indicating about a number seven shoe with a "heel iron." He followed the track to the other side of the creek and found tracks and indications of a horse having been hitched there. He tracked the horse to Hugh Hobb's barn, and there again appeared the man's track with the "heel iron," and he followed this track over the hill to Bud Riley's, the father of appellant. Appellant was a single man and lived in the home with his father. Hobbs testified that he observed signs indicating that his horse had been taken from his barn that night. Will Reynolds, a deputy sheriff, was with Gay and they found tracks similar to the ones they had been following, indicating that the person had gone down the road toward Levy Riley's and they finally apprehended appellant and arrested him. Appellant was wearing a shoe with a heel iron, and they had him to set his foot down by a track which they had been following and the imprints were very similar with respect to the size of the track and heel iron. However, they found none of the missing merchandise in the possession of appellant. Howard Turner testified that he saw appellant on the night the store was broken into; that he and the defendant and Sherman Hobbs were at Joe Johnson's home, and they left there together, and just before they reached the home of Turner the appellant called Turner back a short distance from Hobbs and suggested to him that they rob Gay's store that night. Turner went into his home and went to bed, and he never saw appellant any more on that night. It was shown, however, that

the witness Turner had been convicted of a felony and had theretofore attempted to implicate appellant in an offense with which Turner was charged. It is argued for appellant that these circumstances indicate a motive on part of the witness Turner in testifying against appellant and that his evidence is entitled to but little, if any, consideration. These facts were produced to the jury and the credibility of the witness and the weight to be given his testimony was a question for the jury. Roaden v. Commonwealth, 248 Ky. 154, 58 S. W. (2d) 364, and cases cited therein.

The above facts and circumstances embrace the evidence produced for the commonwealth.

Appellant denied breaking into the store or having any connection with or knowledge of the offense, and denied that he was about the store or in that community on the night the offense was committed, and denied proposing or suggesting to the witness Turner that they rob the store. He testified that, after leaving his companions who were with him on that night, he went to his home and went to bed about 12 o'clock. He said that he slept in the same room with the other members of the family, and did not leave his home any more on that night. However, none of the members of his family were introduced as witnesses in an effort to corroborate him. Other witnesses who testified for him accounted for his whereabouts up to about 12 o'clock, but where he went or what he did after that time is not shown, except by his own testimony. It was shown by the evidence of other witnesses that two or three other men in that community wore shoes with heel irons, but the number or size of the shoes worn by these others were not shown, nor was there any comparison made of their tracks with the tracks of the defendant, or the tracks found near the store which led to appellant's home, or that these others who wore shoes with heel irons had been about appellant's home or along the road or in the community where the tracks were found which favorably compared with tracks of appellant.

The alleged incompetent evidence complained of is that the prosecuting witness, Gay, was asked about appellant's physical condition after they arrested him and while on their way to jail, and the witness stated that, "he seemed to be foundered." The deputy sheriff gave similar testimony. It is insisted that these wit-

nesses were merely expressing an opinion, not a fact, and that the evidence perhaps created the impression on the jury that appellant's apparent physical condition was brought about by eating the fruit and candy, etc., taken from the store. We do not think such evidence could have had any material effect on the case either way, and though unnecessary and perhaps technically improper, yet we do not think it could have had any prejudicial effect upon the substantial rights of appellant.

Our conclusion is that the proven facts and circumstances furnish sufficient proof to take the case to the jury, and are sufficient to sustain the verdict. It is a well-established rule that a peremptory instruction should not be given if there is any evidence of a substantial or probative nature, direct or circumstantial, tending to show guilt. Roaden v. Commonwealth, supra; Commonwealth v. Boaz, 140 Ky. 715, 131 S. W. 782.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.