NUMBER 13-00-263-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


BYRON LARUE BAREFIELD, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court of Victoria County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Chief Justice Valdez


Appellant Byron Larue Barefield was charged by indictment with the felony offense of possession with intent to deliver a
controlled substance, cocaine, in an amount by aggregate weight of four grams or more but less than two hundred grams. 
See  Tex. Pen. Code Ann. § 481.112(d) (Vernon Supp. 2001). A jury found appellant guilty and sentenced him to life in
prison as a habitual felony offender. Appellant raises eight issues on appeal. We reverse and remand.


Factual Background

Troopers Eddie Longoria and Ryan Arthur initiated a traffic stop on a vehicle that was traveling at an excessive rate of
speed. Appellant was driving the vehicle, and was carrying two passengers: April Miles, seated in the front seat, and
Sherry Barefield, appellant's cousin, who was located in the back passenger seat behind the driver. Upon interviewing
appellant outside of the vehicle, Longoria noticed a strong smell of marijuana, and Arthur saw a marijuana cigarette in plain
view in the ash tray of appellant's vehicle. The troopers asked the remaining passengers to get out of the vehicle and began
searching for other contraband. The troopers found a blue bag under the driver's seat which contained money and several
plastic envelopes, some of which contained "cookies" of crack cocaine and razor blades. The total weight of the "cookies"
of cocaine was 80.76 grams. 

April Miles admitted that the marijuana belonged to her, but testified that the cocaine belonged to appellant and that he was
a "dope dealer." She further testified that when appellant exited their vehicle to talk to the troopers, he threw a black
canister to her behind his back, and she tossed it into the back seat of the vehicle. When Sherry Barefield exited the car, the
troopers saw her place a tissue-covered object on the hood of their patrol car. The object was later identified as a black
canister which contained 0.72 grams of crack cocaine. Both Sherry Barefield and Miles admitted to prior drug convictions
for possession or possession with intent to deliver crack cocaine.

Effective Assistance of Counsel

In his first and second issues, appellant argues that he was denied effective assistance of counsel by: (1) his counsel's
failure to move to strike the entire voir dire panel; and (2) his counsel's failure to object to the impaneling of the jury until
all venire persons could be questioned on the issue of the stated bias and prejudice of a fellow venire person towards black
people. Appellant's arguments concern the failure of counsel to question the members of the panel about potential racial
prejudice given that appellant is black. The basis for this argument is found in the following comments made by one of the
venire members who was later excused for cause:

Could I say one other thing? I find it strange that this black man is in here on trial and there's no black people in here to be
picked as jurors and in the recess while ago, sir, excuse me, in the recess, one of the jurors out here, the one young man that
was in here earlier, the black kid that was sitting up on the stairs, when we recessed, he went in to talk about an exemption
and I hear one of the other jurors out here saying, "Probably for a theft, I know probably for a theft conviction or
something," so there's I have no doubt there's still that prejudice here.

It appears that these comments were made during individual questioning at the bench, but in the presence of the venire.
Appellant's counsel did not further question this venire person, nor did he question the panel about the foregoing
comments, thus we do not know which member of the venire made the allegedly biased comment or how many of the
venire heard the comment.

Strickland v. Washington, 466 U.S. 668 (1984), sets forth the proper standard of review for effectiveness of counsel. See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. The defendant must first show that counsel's performance was deficient, i.e.,
that his assistance fell below an objective standard of reasonableness. Thompson, 9 S.W.2d at 812. Second, the defendant
must further prove that there is a reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Id. 

The determination regarding whether a defendant received effective assistance of counsel must be made according to the
facts of each case. Id. An appellate court looks to the totality of the representation and the particular circumstances of the
case in evaluating the effectiveness of counsel. Id.

 The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. Id. at 813.
There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See
Davis v. State, 930 S.W.2d 765, 767 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). To defeat the presumption of
reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996), cert. denied, 519 U.S. 1119 (1997).

It is fundamental to our system of jurisprudence that an accused is entitled to an impartial jury composed of people who
have not prejudged the merits of the case. Shaver v. State, 280 S.W.2d 740, 742 (Tex. Crim. App. 1955); see Tex. Const.
art. I, §10. The presence of one biased juror destroys the impartialilty of the entire jury and renders it partial. Shaver, 280
S.W.2d at 742. However, given the standard of review for effectiveness of counsel, appellant has not met his burden to
prove that trial counsel's representation fell below an objective standard of reasonableness and that this deficient
performance prejudiced his defense. In the instant case, the record does not address counsel's rationale for failing to voir
dire the panel about potential prejudice given the venire person's comments. Thus, the record is not sufficient to
rebutStrickland 's presumption that the challenged action of trial counsel was the result of "sound trial strategy." See
Strickland, 466 U.S. at 689. 

Moreover, the court of criminal appeals has held that a trial counsel's failure to challenge a venireperson who has voiced his
lack of impartiality does not constitute ineffective assistance of counsel. See Jackson v. State, 877 S.W.2d 768, 772 (Tex.
Crim. App. 1994)( record failed to contain counsel's reason for failure to challenge admittedly biased juror; therefore, court
unable to conclude counsel's performance was deficient); Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App.
1992)(where record failed to show reasons for counsel's failure to challenge biased juror, record was insufficient to reubt
strong presumption in favor of effective counsel). In the instant case, the record is wholly silent as to counsel's rationale for
failing to question the panel about the allegedly biased remarks. Moreover, the record before this Court fails to establish
actual bias on the part of any of the veniremembers, or that any of the allegedly biased veniremembers were actually
selected for service on appellant's jury. If the court of criminal appeals fails to find ineffective assistance in cases wherein
admittedly biased members of the venire serve on a jury, we are likewise constrained where the alleged bias is a matter of
speculation.

We are limited to the record before us on direct appeal. See Thompson, 9 S.W.3d at 814-15 (contrasting direct appeals and
habeas proceedings in cases involving ineffective assistance). Appellant is free to pursue his ineffectiveness claim on
collateral review where the facts surrounding trial counsel's representation may be developed at an evidentiary hearing. See
Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). 

Appellant's first and second issues are overruled.

Lesser Included Offense

In his third issue, appellant argues that the trial court erred in denying appellant's requested charge on the lesser included
offense of possession with intent to deliver a controlled substance in an amount by aggregate weight of less than one gram.
In short, appellant argues that the evidence could support a finding that he possessed only the cocaine found in the black
canister. Appellant points to testimony from April Miles and Sherry Barefield that they occasionally closed a nightclub in
Port Lavaca, and utilized a blue or brown money bag, similar to the blue bag containing cocaine that was found in
appellant's car, to contain the night club's receipts. Miles testified that she closed the nightclub on the night of the arrest,
and took the receipts out in a blue bank bag similar to the one found in appellant's car, but did not have the bag with her at
the time of the arrest. Given this testimony, appellant argues that the jury could infer that the cocaine found in the blue
bank bag belonged to one or both of his passengers. In response, the State contends that the evidence shows that it was
appellant's vehicle, appellant was driving, and "the only testimony as to a lesser amount of contraband attributable to him
was the black canister containing .072 grams of crack cocaine." 

In determining whether a trial court erred in failing to give a charge on a lesser included offense, an appellate court reviews
all evidence presented at trial. Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). A defendant is entitled to
an instruction on a lesser included offense where the proof for the offense charged includes the proof necessary to establish
the lesser included offense and there is some evidence in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser included offense. See Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim.
App. 1999); see also Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994); Rousseau, 855 S.W.2d at 672-75. The
first prong of this test is satisfied herein because the proof for the offense charged includes the proof necessary to establish
the lesser included offense of possession with intent to deliver a controlled substance in an amount by aggregate weight of
less than one gram. 

To meet the second prong of the test, some evidence must have been presented at trial for a rational jury to find that if
appellant was guilty, he was guilty only of the lesser offense. Rousseau, 855 S.W.2d at 672. There are two ways the
evidence may indicate a defendant is guilty only of a lesser offense. Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim.
App. 1992). First, there may be evidence that negates or refutes other evidence establishing the greater offense. Id. 
Second, the evidence presented may be subject to two different interpretations. Id. Anything more than a scintilla of
evidence is sufficient to entitle a defendant to a lesser charge. Bignall, 887 S.W.2d at 23. In other words, the evidence
must establish the lesser included offense as a "valid, rational alternative to the charged offense." Forest, 989 S.W.2d at
367. Thus, under the second prong of the test, we review whether some evidence exists in the record that appellant was
only guilty of possession with intent to deliver the contraband in the black cannister. 

In this case, the blue bag containing money and crack cocaine was found in appellant's vehicle. The evidence showed that
appellant was the driver of the automobile, although he denied ownership thereof. The bag was found under his seat, and
was therefore conveniently accessible to appellant and located in close proximity to appellant. However, both Miles and
Barefield admitted utilizing a similar blue money bag to contain the receipts from a nightclub. Moreover, both Miles and
Sherry Barefield had prior convictions involving crack cocaine, and Miles was an admitted drug dealer.

So long as there is some evidence which is "directly germane" to a lesser included offense for the fact finder to consider, an
instruction on the lesser included offense is warranted. Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). It
does not matter if the evidence is strong or weak, unimpeached or contradicted. Id. We conclude that the testimony
establishing that Miles and Sherry Barefield used a blue money bag like the one found in appellant's car is directly germane
to the requested instruction. Although the evidence is weak, there is more than a scintilla of evidence suggesting that the
cocaine in the blue money bag may have belonged to one or both of appellant's passengers. This evidence would permit a
rational jury to find that if appellant was guilty, he was guilty only of the lesser offense. See Rousseau, 855 S.W.2d at 672.
Appellant was therefore entitled to an instruction on the lesser included offense. We sustain appellant's third issue.

Colorado Pen Packet

Appellant's fourth and fifth issues concern the trial court's admission of a Colorado "pen packet." Appellant contends that
the trial court erred in overruling appellant's objection that the pen packet was hearsay and was not properly authenticated
and certified, and in admitting the pen packet during the punishment phase of the trial. The Colorado pen packet showed
convictions for the felony offenses of giving false information, theft by receiving, criminal attempt theft, and burglary, as
well as the misdemeanor offense of criminal mischief. 

We review a trial court's admission of evidence under an abuse of discretion standard. Montgomery v. State, 810 S.W.2d
372, 379-80 (Tex. Crim. App. 1990). As long as the trial court's ruling was within the "zone of reasonable disagreement,"
there is no abuse of discretion, and the trial court's ruling will be upheld. Rachal v. State, 917 S.W.2d 799, 807 (Tex. Crim.
App. 1996). Further, the trial court does not abuse its discretion in admitting evidence based on the belief that a reasonable
juror could find the evidence has been authenticated or identified. Pondexter v. State, 942 S.W.2d 577, 586 (Tex. Crim.
App. 1996).

A penitentiary packet consists of authenticated records from the Texas Department of Corrections or other penal institution
regarding a person's prior convictions. See Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). When an
out-of-state pen packet is introduced as evidence of a prior criminal record at the punishment stage, the State, as the
proponent of the evidence, must establish, either by proof or judicial notice, what our sister state considers sufficient
documentary proof of a final conviction. See Langston v. State, 776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989). In the
absence of proof of the laws of the other state, we presume that its law is the same as that of Texas. Id. at 587. In this case,
the State did not prove the laws of Colorado pertaining to documentary proof, therefore, we will presume its law is the
same as that of Texas.

To be sufficient to establish a final conviction in Texas, a pen packet must contain a properly certified judgment and
sentence, and the State must show by independent evidence that the defendant is the person so previously convicted. See
Beck, 719 S.W.2d at 210.

According to appellant, the Colorado pen packet is not properly authenticated under rule 902 of the Texas Rules of
Evidence. However, the pen packet contains a judgment and sentence showing that appellant was convicted of felony theft
by receiving and the felony offense of giving false information. This judgment and sentence is signed by the judge and
contains a seal of the district court in Colorado, and is therefore properly authenticated under rule 902(1) of the Texas
Rules of Evidence. See Tex. R. Evid. 902(1) (domestic public documents under seal). Further, a fingerprint witness
testified that the fingerprints in the pen packet matched prints taken from appellant for the instant offense, which further
corroborates the packet's authenticity. Reed v. State, 81 S.W.2d 582, 586 (Tex. Crim. App. 1991); Beck, 719 S.W.2d at
210.

Considering the evidence of authenticity presented by the State, the trial court did not abuse its discretion in admitting the
Colorado pen packet. 

We overrule appellant's fourth and fifth issues.

Habitual Felony Offender

In his sixth issue, appellant contends that the trial court erred in charging the jury on the habitual felony offender law when
there was no competent evidence of two prior convictions. See Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2001)
(penalties for repeat and habitual felony offenders). The State offered both a Colorado pen packet, discussed above, and a
Texas pen packet showing a felony conviction of third degree theft, to show appellant's prior convictions. The indictment
against appellant references the Colorado offenses of giving false information and theft by receiving, and the Texas offense
of felony theft, all of which were committed before the instant offense. The admissibility of the Colorado pen packet is
discussed above, and appellant does not challenge the admissibility of the Texas pen packet, therefore, there was
competent evidence of prior felony convictions.

Appellant's sixth issue is overruled.

Inflammatory Remarks

In his seventh issue, appellant argues that the trial court erred in denying appellant's motion for a mistrial after the state
prosecutor made inflammatory remarks about matters outside the record. During closing argument in the guilt-innocence
phase of the trial, the prosecutor stated:

What we do know is true is three drug dealers were in a black BMW car coming from Port Lavaca coming to Victoria to
our county. What do we know as reality, even though we'd like to think in our little fantasy world that we don't have a drug
problem in Victoria County, the reality is that this is going on all the time right under our nose. That's reality. When you
go to Jackson County, are they different people in Jackson County or Refugio or those kind of places where they hear these
same kind of cases and people say . . . .

Appellant's trial counsel objected on grounds that the foregoing was argument outside the record, requested an instruction
to disregard, and requested a mistrial. The court sustained the objection and instructed the jury not to consider "the last
comments about Refugio and Jackson County," but denied the request for a mistrial. 

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may
arrive at a just and reasonable conclusion based on the admitted evidence alone. Campbell v. State, 610 S.W.2d 754, 756
(Tex. Crim. App. [Panel Op.] 1980). To be permissible, jury argument must fall within one of the following four areas: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4)
a plea for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); Cantu v. State, 939 S.W.2d
627, 633 (Tex. Crim. App. 1997).

Generally, an instruction to disregard cures impermissible jury argument. See Dinkins v. State, 894 S.W.2d 330, 357 (Tex.
Crim. App. 1995). When a trial court instructs the jury to disregard an improper comment, it is presumed that the jury will
follow the court's instruction unless the remark or comment was so prejudicial or extreme that the instruction was incapable
of removing the harm. See Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987), cert. denied, 484 U.S. 905
(1987). Moreover, the reviewing court must examine the alleged instances of improper argument in light of the facts
adduced at trial and in the context of the entire argument. See McGee v. State, 774 S.W.2d 229, 239 (Tex. Crim. App.
1989). Even if an argument is improper, it will not constitute grounds for reversal unless the statements to the jury injected
new and harmful facts to the case, or were so extreme, so manifestly improper, that they deprived appellant of a fair and
impartial trial. See id. at 238. 

Given that we presume that the trial court's instruction to disregard was effectual, and given that the remarks did not inject
new facts, nor were they extreme or manifestly improper, the allegedly improper comments do not constitute reversible
error. Moreover, as argued by the State, the remarks can be construed as a proper plea for law enforcement. See Wesbrook,
29 S.W.3d at 115. 

Appellant's seventh issue is overruled.

Sufficiency of Evidence

In his eighth and final issue, appellant argues that the evidence is insufficient to support a finding that appellant possessed
cocaine in an amount of four grams or more, but less than two hundred grams. Appellant does not specify whether his
challenge is directed toward the legal or factual sufficiency of the evidence. A general challenge to the sufficiency of the
evidence does not raise, as a matter of course, an issue of factual sufficiency in criminal cases. See Markey v. State, 996
S.W.2d 226, 229 (Tex. App.-Houston [14th Dist.] 1999, no pet.); Marinets v. State, 884 S.W.2d 185, 189 (Tex. App.-Austin
1994, no pet.). However, appellant's requested relief related to this issue is reversal and remand for a new trial. Such relief
is consistent with a factual sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133-135 (Tex. Crim. App. 1996)
(court will reverse and render if evidence is legally insufficient; court will reverse and remand if evidence is factually
insufficient). We will thus review the evidence under both legal and factual sufficiency standards. 

A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979);Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000)(en banc); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). In a legal sufficiency review, the fact finder
remains the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. See Barnes v.
State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994), cert. denied, 115 S.Ct. 174 (1994). The appellate court serves to
ensure the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988).

In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. See
Johnson, 23 S.W.3d at 7 (citing Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996)). In conducting a factual
sufficiency review, the reviewing court asks whether a neutral review of all of the evidence, both for and against the jury's
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson, 23 S.W.3d at 11. We
may disagree with the fact finder's determination only when the record indicates such a step is necessary to arrest the
occurrence of a manifest injustice; otherwise, due deference must be accorded to the fact finder's determinations,
particularly those findings concerning the weight and credibility of the evidence. Id. (citing Jones v. State, 944 S.W.2d
642, 648-49 (Tex. Crim. App. 1996), cert. denied, 118 S.Ct. 100 (1997)).

With regard to his sufficiency challenge, appellant specifically argues that there is no evidence that the cocaine weighed
four grams, or at least the minimum weight in the indictment. However, Dennis Ramsey, the chemist-toxicologist who
appeared for the State, expressly testified that the four bags contained 80.76896 grams of crack cocaine, and the cannister
contained 0.7 grams. Ramsey tested only one of the four bags to determine that it contained cocaine. He testified with
regard to the other bags that "Those were just observed and seemed to be a solid white substance that looked just like the
other solid white substance and, of course, they were weighed." 

Where the State showed the random samples were the alleged controlled substance, and the total weight of the substance
seized was within the range of that alleged, the State has met its minimum burden of proof. Gabriel v. State, 900 S.W.2d
721, 722 (Tex. Crim. App. 1995). It was rational for the fact finder to conclude that the other bags containing a similar
white substance, were in fact the same substance. See id. In addition, the manner of testing the substance by random
sampling goes only to the weight the jury may give to the tested substances in determining the untested substance is the
same as the tested substance. Id. Thus, the evidence is legally and factually sufficient to show that appellant possessed the
requisite amount of cocaine as alleged in the indictment. Appellant's eighth issue is overruled.

Conclusion

In conclusion, we have sustained appellant's issue contending that the trial court erred by failing to give the jury an
instruction on the lesser included offense of possession with intent to deliver a controlled substance in an amount by
aggregate weight of less than one gram. We therefore reverse the judgment and remand the cause for further proceedings.

 

Rogelio Valdez

Chief Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.